# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    v.<br><br>ANDRE DENNIS,<br>    *Defendant*. | No. 3:18-cr-00328 (VAB) |

## RULING ON MOTION TO WITHDRAW COUNSEL AND NOTICE TO DEFENDANT

The United States of America (the "Government") has charged Andre Dennis ("Defendant") under a three-count superseding indictment with possession with the intent to distribute mixtures and substances containing a detectable amount of cocaine and cocaine base, heroin, and fentanyl; unlawful possession of a firearm by a convicted felon; and possession of a firearm in furtherance of a drug trafficking crime. Superseding Indict., ECF No. 46 (Sept. 4, 2019). Jury selection for Mr. Dennis's trial on these counts is set to begin on May 24, 2021. Order, ECF No. 108 (Mar. 3, 2021). On May 18, 2021, at the parties' pretrial conference, Mr. Dennis once again indicated he no longer wished to be represented by his counsel, Francis O'Reilly, which the Court has interpreted as an oral motion to withdraw Mr. O'Reilly as counsel. Oral Mot. to Withdraw Counsel, ECF No. 129 (May 18, 2021) ("Oral Mot."); *see also* Min. Entry, ECF No. 128 (May 18, 2021) ("Min. Entry").

For the reasons described below, Mr. Dennis's latest motion to withdraw will be **DENIED**.

Furthermore, given the Court's growing concerns about Mr. Dennis's behavior in the courtroom, based on his actions at the final pretrial conference and other occasions, and his inability and unwillingness to conduct himself properly in the courtroom, the Court notifies Mr.

Dennis that continued disruptive behavior during any further courtroom proceedings may result in his removal from trial proceedings.

## I.      BACKGROUND

Appointed on January 3, 2019, Charles Willson initially represented Mr. Dennis. Min. Entry, ECF No. 10 (Jan. 3, 2019).

On May 27, 2019, Mr. Willson moved to withdraw as Mr. Dennis's counsel on the ground that "[t]he attorney-client relationship [wa]s irretrievably broken." Mot. to Withdraw As Counsel, ECF No. 22 at 1 (May 27, 2019) ("Willson Mot. to Withdraw"). The next day, the Court granted the motion. Order, ECF No. 23 (May 28, 2019).

On October 23, 2020, Mr. Dennis's replacement counsel, Mr. O'Reilly, also orally moved to withdraw. Oral Mot., ECF No. 90 (Oct. 23, 2020). That same day, the Court granted the motion. Min. Entry, ECF No. 91 (Oct. 23, 2020); Order, ECF No. 92 (Oct. 23, 2020).

On November 4, 2020, within two weeks of her appointment, Mr. Dennis's second replacement counsel and third counsel overall, Ms. Moreau, also moved to withdraw, on the ground that "Mr. Dennis [wa]s unhappy with the efforts of undersigned counsel, . . . requested that a motion to withdraw as counsel be filed and that he be appointed another lawyer," noting that "i[t] appears that the attorney-client relationship has broken down irretrievably after this short period of time." Mot. to Withdraw as Counsel, ECF No. 94 at 1 (Nov. 4, 2020) ("Moreau Mot. to Withdraw").

On January 11, 2021, after several continuances, the Court held a hearing on Ms. Moreau's motion. Min. Entry, ECF No. 103 (Jan. 11, 2021).  That same day, the Court granted the motion for Ms. Moreau to withdraw and reappointed Mr. O'Reilly as counsel for Mr. Dennis. Order, ECF No. 102 (Jan. 11, 2021) ("First O'Reilly Order"). The Court observed that "on

further review, . . . it should not have granted Mr. Dennis's motion to withdraw" Mr. O'Reilly,

and that "even if that were not the case, the Court believe[d] that given the circumstances, it

[wa]s appropriate to reappoint" Mr. O'Reilly. *Id.* The Court noted that it would "nonetheless . . .

hold another hearing to hear Mr. Dennis's concerns, to the extent those concerns remain[ed]

following Mr. O'Reilly's reappointment." *Id.*

On March 31, 2021, after several continuances of jury selection and trial, the Court held

an *ex parte* proceeding with Mr. Dennis and Mr. O'Reilly to discuss Mr. Dennis's ongoing

concerns. Min. Entry, ECF No. 113 (Mar. 31, 2021). After the hearing, the Court concluded that

"Mr. O'Reilly remains appropriate counsel in this case, as Mr. Dennis has set forth no substantial

or cognizable complaint, issue or concern regarding Mr. O'Reilly's ability to represent him

effectively." Order, ECF No. 112 (Apr. 2, 2021) ("Second O'Reilly Order"). The Court noted

that it "remain[ed] committed to and will continue to ensure a fair trial for Mr. Dennis, consistent

with the applicable law." *Id.*

On May 18, 2021, the Court held a final pretrial conference with the parties. Min. Entry.

At the conference, Mr. Dennis again stated that he did not wish to be represented by Mr.

O'Reilly. *Id.*; Oral Mot.

During that pretrial conference, Mr. Dennis on numerous occasions spoke over and

interrupted the Court; refused to comply with Court orders to refrain from speaking out of turn;

and made other repeated outbursts that appeared to be aimed at disrupting progress in moving

toward trial:

> THE COURT: Let me just give them a chance to confer.
> (Recess)
> THE DEFENDANT: Your Honor, may I talk to my family to try to
> hire new counsel?
> THE COURT: No. Mr. Dennis, we have the trial. You've known
> about the trial. If you wanted to – I will tell you this, if you want to

get new counsel, that's fine. We're going to trial Monday. If you want to pay for counsel – you've had months to consider this notion of whether you want to pay for counsel. My understanding is the reason you have counsel is you can't afford it. So if you are now telling us you actually can afford it, that's a different question. But this trial is scheduled.

THE DEFENDANT: My –

THE COURT: Mr. Dennis, I'm not going to have any more discussion on this. I've had –

THE DEFENDANT: My –

THE COURT: Mr. Dennis, we've had discussions. Mr. Dennis, you're not going to be speaking out.

THE DEFENDANT: I'm not trying –

THE COURT: You are speaking out.

THE DEFENDANT: I'm not trying to be disrespectful to you.

THE COURT: But you are. I've asked you not to speak out and you are speaking out. I am going to finish. My point is this: We've had multiple sessions about counsel. We've had discussions, and I've had ex parte discussions. We most recently had an ex parte discussion.

. . .

THE DEFENDANT: Your Honor, how could I file a motion? I don't want you.

THE COURT: Mr. Dennis, you have counsel right now. I'm being actually very generous even allowing you to speak out now. But, you know, I've given you opportunity after opportunity.

THE DEFENDANT: I don't want –

THE COURT: Mr. Dennis.

THE DEFENDANT: It don't make a difference to me. I'm not going to get a fair trial with you.

THE COURT: Mr. Dennis, listen.

THE DEFENDANT: You being the judge, I don't really feel as though I'm getting a fair trial.

THE COURT: Mr. Dennis, we're not going to –

THE DEFENDANT: I don't really feel as though I'm going to get a fair trial.

THE COURT: Mr. Dennis, you can say what you want to say, but you are going to get a fair trial. I'm going to do everything I can to make sure you have a fair trial.

THE DEFENDANT: I feel those allegations is not that, Your Honor. I don't really feel as though I'm going to get a fair trial. And you keep cutting me off.

THE COURT: Mr. Dennis, you keep cutting me off because I keep asking you not to talk. This is what this is about: This isn't about you. I know you are concerned, but –

4

THE DEFENDANT: This is my life. This is my life. What are you talking this isn't about me?

THE COURT: No.

THE DEFENDANT: Yes? Go ahead.

THE COURT: I'm going to wait. I'm going to wait until you recognize this is a judicial proceeding and that you don't get to talk out when you wish to talk out. I'm going to just wait a little bit, because I'm going to give you some time to allow it to sink in, to see if it can sink in quietly.

THE DEFENDANT: I don't understand. Like you – I don't know.

THE COURT: Just as I thought. . . . It can't sink in quietly. You are never going to be satisfied. I will do everything I can to give you a fair trial.

Pretrial Conf. Tr. at 36:1-39:24.[1]

## II.    DISCUSSION

"The [Sixth] Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989). In addition, though a criminal defendant "has the right to be present at all stages of the trial," *Norde v. Keane*, 294 F.3d 401, 411 (2d Cir. 2002) (internal quotation marks omitted), "that right is not absolute and may be waived, either explicitly or by the defendant's conduct," *id.* (citing *Illinois v. Allen*, 397 U.S. 337, 342-43 (1970)). As the Supreme Court has held, a criminal defendant "can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Allen*, 397 U.S. at 343; *see also Williams v. Korines*, 966 F.3d 133, 144, (2d Cir. 2020) ("In a criminal trial, a defendant who continues disruptive behavior after repeated

---

[1]In the interest of issuing this order in a timely fashion, these citations refer to the rough draft transcript of the proceeding.

5

warnings can lose his right to be present in the courtroom."); Fed. R. Crim. P. 43(c)(1)(C) (a defendant's right to presence in a criminal trial is waived "when the court warns the defendant that it will remove the defendant for the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom"); *id.* 43(c)(2) (noting that if such waiver occurs, "the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence").

 Indeed, a criminal defendant cannot "be permitted by his disruptive conduct indefinitely to avoid being tried on the charges brought against him," and "the governmental prerogative to proceed within a trial may not be defeated by conduct of the accused that prevents the trial from going forward." *Allen*, 397 U.S. 346, 349. Moreover, "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case," *id.*, including taking measures such as "putting the defendant in physical restraints or citing him for contempt," *Gilchrist v. O'Keefe*, 260 F.3d 87, 96 (2d Cir. 2001) (citing *Allen*, 397 U.S. at 343-46).

The above legal principles are relevant to Mr. Dennis's upcoming criminal trial in two significant ways: one, a running theme throughout this criminal case, has been the result of repeated rulings; and the other, a subtext of this case, has increasingly drawn judicial attention and now requires the necessary prophylactic warnings.

First, on multiple occasions, the Court has inquired into Mr. Dennis's purported concerns about Mr. O'Reilly's representation of him, and each time has concluded that Mr. O'Reilly, an experienced advocate, remains appropriate counsel for and will provide adequate representation of Mr. Dennis in this matter. *See, e.g.*, First O'Reilly Order; Second O'Reilly Order (citing, in relevant part, *United States v. Bliss*, 430 F.3d 640, 651 (2d Cir. 2005) ("[W]hen a defendant

voices a seemingly similar complaint about his attorney, the district court should inquire into the matter," but "[i]f the reasons are made known to the court, the court may rule without more" (internal quotation marks omitted)). Similarly, Mr. Dennis does not now set forth any cognizable concern regarding Mr. O'Reilly's representation.

Accordingly, for these and other reasons described in the Court's prior orders, Mr. Dennis's oral motion to withdraw Mr. O'Reilly as counsel, now his fourth motion to disqualify counsel in this case, will be **DENIED**. *See* First O'Reilly Order (collecting cases and holding that, "given the circumstances, it is appropriate to reappoint Mr. O'Reilly as counsel in this case"); Second O'Reilly Order (collecting cases and holding that "Mr. Dennis has set forth no substantial or cognizable complaint, issue or concern regarding Mr. O'Reilly's ability to represent him effectively").[2]

Second, and relatedly, the Court puts Mr. Dennis on notice as to the potential consequences for any continuation of the disruptive behavior displayed at the pretrial conference during the jury selection process or the trial itself. Based on the Court's extended interactions with Mr. Dennis over a nearly two-year period, there has been one constant: his efforts to delay the beginning of his criminal trial through repeatedly asking for new counsel even after the appointment of counsel, and lodging unsubstantiated claims of an alleged failure to receive a fair trial.

As addressed above, there is no merit to his claims for new counsel. As to his claims of an unfair trial, the Court has investigated these claims on numerous occasions, and they always have been found to be wanting. Indeed, other than to recite the phrase "fair trial," Mr. Dennis has

---

[2] To be clear, this Court did not prevent – nor has this Court been made aware of any effort by anyone to prevent – Mr. Dennis from contacting his family and seeking resources for private counsel before the final pretrial conference. As a result, Mr. Dennis's comments to that effect have been construed by the Court as another baseless effort to delay these already substantially delayed proceedings.

not provided any substance as to how his upcoming trial on the following three criminal charges would be unfair: possession with the intent to distribute mixtures and substances containing a detectable amount of cocaine, cocaine base, heroin, and fentanyl; unlawful possession of a firearm by a convicted felon; and possession of a firearm in furtherance of a drug trafficking crime. Significantly, to the extent that there are any issues related to Mr. Dennis receiving a fair trial, they have been properly raised by his current counsel, Mr. O'Reilly, *see* ECF Nos. 119, 120, and will be addressed appropriately in another ruling by the Court.

If Mr. Dennis merely kept repeating his request for new counsel, this Court's ruling would be limited to denying that motion and nothing more. More troublingly, Mr. Dennis does not consider himself restrained by the decorum of the courtroom, and has no compunction about speaking out when he wishes, even despite the Court ordering him not to do so. *See* Pretrial Conf. Tr. 39:12-24 ("THE COURT: I'm going to wait until you recognize this is a judicial proceeding and that you don't get to talk out when you wish to talk out. I'm going to just wait a little bit, because I'm going to give you some time to allow it to sink in, to see if it can sink in quietly. THE DEFENDANT: I don't understand. Like you – I don't know. THE COURT: Just as I thought. It can't sink in quietly."). Mr. Dennis's behavior, including his repeated raising of unsubstantiated claims, and brazen refusal to conduct himself properly during court proceedings, raises the risk of this conduct continuing, if not escalating during either jury selection or trial,[3] as a means of disrupting, delaying or otherwise denying the current trial from happening.

Accordingly, Mr. Dennis is advised that any failure to comply with the Court's express order to conduct himself properly during further court proceedings may constitute conduct

---

[3]A representative of the U.S. Marshal Service has expressed concern with maintaining safety in the upcoming trial, based on Mr. Dennis's conduct both inside the courtroom, and outside of the courtroom, away from the view of the Court. As a result, the Court will authorize the U.S. Marshals to take the appropriate steps to ensure public safety during the upcoming trial.

"disruptive enough to warrant [his] removal" from the proceedings. *Potter v. Green*, No. 04-CV-1343 (JS), 2009 WL 2242342, at *9 (E.D.N.Y. July 24, 2009) (citing *Norde*, 294 F.3d at 413, and observing that in *Norde*, "the defendant was constantly disrupting the trial by demanding a new attorney, interrupting the judge, speaking loudly and without permission, and kept making unwarranted and loud objections"); *Norde*, 294 F.3d at 413 (finding that the defendant's "behavior was disruptive enough to be considered a waiver of his right to be present and to warrant removal").

## III.    CONCLUSION

For the foregoing reasons, Mr. Dennis's oral motion to withdraw Mr. O'Reilly as counsel, now his fourth motion to disqualify counsel in this case, is **DENIED.**

Mr. Dennis also hereby is on notice as to the potential consequences of continued disruptive behavior in trial proceedings.

**SO ORDERED** this 19th day of May, 2021 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge