**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    v.<br><br>ANDRE DENNIS,<br>    *Defendant.* | No. 3:18-cr-00328 (VAB) |

**RULING AND ORDER ON MOTION TO SEVER AND MOTION *IN LIMINE***

Andre Dennis ("Defendant") has been charged with three counts of possession with intent to distribute certain controlled substances, unlawful possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. *See* Superseding Indictment, ECF No. 46 (Sept. 4, 2019). Mr. Dennis's jury trial on these charges will begin on May 24, 2021. Order, ECF No. 108 (Mar. 3, 2021).

Mr. Dennis has moved to sever Count Two of the Superseding Indictment, which charges him with unlawful possession of a firearm by a convicted felon. Mot. for Severance, or in the Alt., for Bifurcation, ECF No. 120 (May 12, 2021) ("Mot. to Sever"). Mr. Dennis also has moved *in limine* to exclude testimony and evidence related to certain uncharged conduct, prior bad acts, and prior convictions. Mot. in Lim. to Exclude Test. and Evid. Relating to Uncharged Conduct, Prior Bad Acts, and Prior Convictions, ECF No. 119 (May 12, 2021) ("Mot. in Lim.").

For the reasons explained below, Mr. Dennis's motion to sever or bifurcate Count Two will be **DENIED**, and the Court instead will rely on other ameliorative measures, specifically a limiting instruction to the jury, both before the testimony of Parole Officer Jennifer Desena and in the post-trial jury instructions, that any such testimony may be considered only for a limited purpose; and

1

Mr. Dennis's motion *in limine* will be **GRANTED in part** to the extent it pertains to the anonymous call, the testimony of the two other parole officers the Government intends to call to discuss "documents pertaining to [Mr. Dennis]'s supervision," and the other categories of evidence the Government has conceded it will not attempt to introduce, all of which will be excluded, and will be **DENIED in part** with respect to Parole Officer Desena's testimony, which will be limited by the Court but may include reference to her as a parole officer and also may refer to the anonymous call, subject to the redactions agreed to by the Government.

The Court's rulings, however, are "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce v. United States*, 469 U.S. 38, 41 (1984).

I.   **PROCEDURAL HISTORY**

On December 19, 2018, a grand jury returned an Indictment against Mr. Dennis, which charged him with, on or about November 29, 2018, possession with intent to distribute mixtures and substances containing a detectable amount of fentanyl, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2). Indict., ECF No. 1 (Dec. 19, 2018).

On July 11, 2019, Mr. Dennis moved to suppress all fruits of the November 29, 2018 warrantless search of his residence, including evidence of a handgun, crack cocaine, fentanyl, a digital scale, and United States currency. Def.'s Mot. to Suppress, ECF No. 35 (July 11, 2019). Mr. Dennis argued, in relevant part, that the search was unreasonable because it was motivated by an anonymous tip to his parole officer, Jennifer Desena, who allegedly did not attempt to

corroborate this information; because the search allegedly exceeded the scope of consent provided by Mr. Dennis's special parole conditions, and Mr. Dennis revoked any consent; and the consent of a third party was not effective given Mr. Dennis's objections. *See id.*

On September 4, 2019, the grand jury returned a Superseding Indictment against Mr. Dennis, which charged him with, on or about November 29, 2018, possession with intent to distribute mixtures and substances containing a detectable amount of cocaine and cocaine base, heroin, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C) ("Count One"); on or about November 29, 2018, unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Two"); and, on or about November 29, 2018, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) ("Count Three").

On March 20, 2020, the Court denied Mr. Dennis's motion to suppress. Ruling on Mot. to Suppress, ECF No. 71 (Mar. 20, 2020). The Court found that Parole Officer Desena's tip was "sufficiently reliable because it provided her with information corroborating that the tipster had a relationship with Mr. Dennis," as well as that prior statements by and prior searches of Mr. Dennis further corroborated allegations in the tip, *id.* at 16; that the "totality and circumstances" of the event, including "Parole Officer Desena's knowledge and familiarity with Mr. Dennis . . . gave her reasonable suspicion to believe that criminal activity may have occurred," *id.*; and Mr. Dennis's expectation of privacy was "extremely low, in light of [his] parole search condition," *id.* at 17.

On May 12, 2021, Mr. Dennis moved to sever or, in the alternative, to bifurcate Count Two, unlawful possession of a firearm by a convicted felon. Mot. to Sever.

That same day, Mr. Dennis moved *in limine* to exclude testimony and evidence relating

to certain uncharged conduct, prior bad acts, and prior convictions. Mot. in Lim.

On May 17, 2021, the Government filed an omnibus response to Mr. Dennis's motion to sever and motion *in limine*. Gov'ts Resp. to Def.'s Mots. in Lim., ECF No. 123 (May 17, 2021) ("Gov't Resp.").

On May 18, 2021, the Court held a final pretrial conference with the parties. Min. Entry, ECF No. 128 (May 18, 2021) ("Min. Entry").

## II.   STANDARD OF REVIEW

### A.  Motion to Sever

Under Federal Rule of Criminal Procedure 8, offenses may be joined if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Joinder is proper where the same evidence may be used to prove each count, or if the counts have a sufficient logical connection." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotation marks and citations omitted).

"Even if offenses are properly joined," however, "in certain circumstances severance may be warranted." *Id.* Under Federal Rule of Criminal Procedure 14, where proper joinder under Rule 8 "appears to prejudice a defendant or the government, the court may order separate trials of counts" or "provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Page*, 657 F.3d at 129 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). The Supreme Court has made clear that the burden for severance is high, as a district court should sever "only if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

*Zafiro*, 506 U.S. at 539. The "defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). And under Rule 14, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 538.

### B. Motion *in Limine*

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce*, 469 U.S. at 40 n.2; *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal quotation marks omitted). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See, e.g.*, *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

Under Federal Rule of Evidence 404(b), evidence of prior "crimes, wrongs, or acts other than those charged in the indictment" are inadmissible if it is used to "prove the character of a person to show his propensity to commit the charged act," but may be admissible for other purposes. *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011). Such evidence also may be admitted if it "is inextricably intertwined with the evidence regarding the charged offense, or if it

is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000).

At all times, this analysis is subject to Federal Rule of Evidence 403, which provides that, although relevant, evidence may be excluded "if its probative value is substantially outweighed by the danger of one of more of the following: unfair prejudice, confusing the issues, or misleading the jury, undue delay, wasting of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. With respect to prior crimes evidence, such evidence is unfairly prejudicial "only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).

### III. DISCUSSION

The Court will address each motion in turn.

#### A. Motion to Sever

Mr. Dennis argues that joining Count Two, the felon-in-possession count, with the other counts of the Superseding Indictment "will result in substantial prejudice," and therefore that severance is warranted. Mot. to Sever at 4. Specifically, he argues that the proposed underlying felonies referenced by the Government in the Superseding Indictment, namely prior drug offenses and offenses involving restraining or protective orders, "cover conduct similar to that charged in the instant case," which "heightens the attendant degree of prejudice" and "increases the likelihood" that a jury might vote to convict Mr. Dennis based on his prior history. *Id.* at 4-5.

Mr. Dennis argues further that if the Court determines severance is not warranted, bifurcation is the proper alternative; as he argues, "[t]he Second Circuit and other courts in this [D]istrict have repeatedly endorsed this procedural alternative." *Id.* at 5-6 (collecting cases).

6

Finally, he argues that should the Court determine bifurcation is not warranted, he is entitled to other "ameliorative procedures," such as a stipulation sufficient to establish the fact of a single prior felony conviction without reference to multiple felony convictions or any facts underlying that prior felony, appropriate redactions to the indictment, should such document reach the jury, and a proper limiting instruction. *Id.* at 6-7 (quoting *United States v. Belk*, 346 F.3d 305, 311 (2d Cir. 2003)).

The Government responds that the facts of the Second Circuit's decision in *Page*, where the Second Circuit affirmed a defendant's conviction after the district court denied a motion to sever, "are squarely on point with the facts in this case." Gov't Resp. at 4-5. The Government notes that here, as was the case in *Page*, there is a "sufficient logical connection between the narcotics counts and the gun count," and "the evidence during a trial on the possession by a convicted felon offense[] would substantially overlap – indeed, would be substantially the same or identical – to the evidence during a separate trial on the other offenses." *Id.* at 6 (internal quotation marks omitted). Finally, the Government argues that, "as the Second Circuit held in *Page*, a stipulation coupled with an appropriate limiting instruction by the Court would reasonably protect the defendant from the danger of unfair prejudice while conserving judicial resources in not conducting a bifurcated or two separate trials." *Id.* at 6-7.

The Government notes, however, that it is "amenable to bifurcation of some of the evidence pertaining to Count Two," in particular proposing to bifurcate the trial into two phases: phase one a trial on Counts One and Three and phase two a trial on Count Two. *Id.* at 7-8. At the parties' pretrial conference, the Government indicated, however, it wished for Parole Officer Desena to testify in her capacity as a parole officer in both phases; Mr. Dennis objected to this and argued that, if the case were to be bifurcated in this manner, Parole Officer Desena should

testify in the first phase only in her capacity as a "law enforcement officer." Min. Entry.

As an initial matter, the three offenses are properly joined, as they all arise from the November 28, 2019 search of Mr. Dennis's residence and are "based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

The Court also agrees with the Government about the relevance of *Page* to Mr. Dennis's case. There, Mr. Page was charged with various narcotics violations and possession of a firearm after he had previously been convicted of a felony. 657 F.3d at 127. Mr. Page moved to sever the felon-in-possession count, arguing that "any limiting instruction would not eliminate the inherent prejudice that would result from the jury learning of his prior felony conviction." *Id.* at 128 (alteration and internal quotation marks omitted). The district court denied the motion, noting that the defendant had agreed to stipulate that he had a prior felony conviction. *Id.* at 129. Here, however, Mr. Dennis has not agreed to any such stipulation, and the Government has indicated that it intends to, if there was a second phase of the trial, call a law enforcement witness to testify regarding his prior felony convictions.[1] *See* Joint Tr. Mem., ECF No. 122, at 4-5 (May 13, 2021).

While Mr. Dennis argues concern that a jury may vote to convict him "based on his prior history" rather than because of his guilt or innocence, *see* Mot. to Sever at 5, as the Second Circuit recognized in *Page*, "where the prior felony conviction is an element of the charged crime, the district court cannot withhold the fact of a prior conviction from the jury." 657 F.3d at 130. Moreover, Mr. Dennis has not satisfied his "high" burden of proving that severance or bifurcation is required because "a joint trial would compromise a specific trial right" of his or "prevent the jury from making a reliable judgment about guilt or innocence" in the bifurcated

---

[1] To the extent Mr. Dennis agrees to any such stipulation, the Court may revisit this ruling.

8

proceeding. *Zafiro*, 506 U.S. at 339. And though the Second Circuit has previously held that "joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure," *United States v. Jones*, 16 F.3d 487, 492 (2d Cir. 1994), Mr. Dennis has not proven that severance or bifurcation is the only ameliorative procedure that could address his concerns about prejudice.

The Court also understands the Government's concern that Parole Officer Desena must be able to testify about the incident that led her to search his residence – in particular, the anonymous call, the caller's relation to Mr. Dennis, and Mr. Dennis's status as a parolee, otherwise, the jury would perceive her "as an unforthcoming witness who omitted a key part of her testimony" or conclude that she "had no valid basis for the search." *See* Gov't Resp. at 9-13.

The Court thus concludes that Parole Officer Desena's testimony is needed to provide the jury with a cohesive narrative as to the events of November 28, 2019, and finds that excluding or artificially limiting Parole Officer Desena's reasons for conducting the search, including Mr. Dennis's status as a parolee, runs the risk of confusing the jury, and diminishing this evidence's probative value, in violation of Fed. R. Evid. 403. *See Carboni*, 204 F.3d at 44 (evidence of prior crimes may be admissible if it is "is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial"); *see also Page*, 657 F.3d at 129 (recognizing that severance under Rule 14 requires a showing of "unfair prejudice resulted from the joinder, not merely that he 'might have had a better chance for acquittal at a separate trial'" (quoting *United States v. Rucker,* 586 F,2d 899, 902 (2d Cir. 1978))). Indeed, this potential for confusion is highlighted by the parties' different proposed solutions to the narrative problems posed by severance of Count Two, particularly the parties' dispute over the admission of the anonymous tip call and limitations on Parole Officer Desena's

9

testimony as well as reference to her title as a "parole officer," discussed in more detail below.

Accordingly, Mr. Dennis's motion to sever or bifurcate Count Two will be **DENIED**, and the Court instead will rely on other ameliorative measures, specifically a limiting instruction to the jury, both before Parole Officer Desena's testimony and in the post-trial jury instructions, that any such testimony may be considered only for a limited purpose. *See Page*, 657 F.3d at 131 ("less drastic measures [than severance], such as limiting instructions, often will suffice" to cure risk of prejudice (quoting *Zafiro*, 506 U.S. at 539)); *see also United States v. Belk*, 346 F.3d 305, 310 ("Because a district court's admission into evidence of defendant's prior conviction in a § 922(g)(1) case – when accompanied by a proper curative instruction and limited to the fact of the conviction itself – is *by definition* not prejudicial, a district court cannot err by failing to take additional measures, such as bifurcation, intended to mitigate any asserted prejudice.").

### B. Motion *in Limine*

Mr. Dennis seeks to preclude evidence pertaining to seven categories of certain uncharged conduct, prior bad acts, and prior convictions: (1) any reference to an alleged September 15, 2017 trip to North Carolina, after which Mr. Dennis' former girlfriend accused him of physical assault, and any reference to charges or warrants that may have stemmed therefrom; (2) any reference to protective/restraining orders issued against him; (3) any reference to phone calls or other alleged, uncharged instances of conduct that violated a restraining or protective order; (4) the statement in the alleged November 29, 2018 anonymous tip that Mr. Dennis had assaulted the tipster with a firearm; (5) any reference to marijuana seized from Mr. Dennis' residence; (6) any custodial statements referring to marijuana possession or use; and (7) any reference to Mr. Dennis' prior criminal history, including the offense for which he was originally sentenced to special parole. Mot. in Lim. at 1.

Mr. Dennis argues that these categories, in turn, implicate three general categories of evidence under Federal Rule of Evidence 404(b): (1) evidence pertaining to restraining and/or protective orders, as well as to any unchanged conduct that would violate said orders, which encapsulates categories (1)-(4) above; (2) evidence pertaining to uncharged alleged drug possession or use, which encapsulates numbers (5) and (6) above; and (3) evidence pertaining to Mr. Dennis's prior criminal history. *Id.* at 1-2.

The Government has conceded that it will not elicit testimony, in its case-in-chief, as to violations of protective orders by the defendant; violations of restraining orders by the defendant; Mr. Dennis's prior parole proceedings stemming from the September 2017 events; any references to his specific criminal convictions; the 70 grams of marijuana recovered from the defendant's bedroom, including redaction of the reference to marijuana contained in the defendant's post-*Miranda* written sworn statement to the Waterbury Police Department; and the no-contact order with the domestic victim included in his Statement of Understanding and Agreement, Conditions of Parole with the Parole Office. Gov't Resp. at 8-9. The Government also has conceded that it will "structure its direct examination of Parole Officer Desena in a manner to avoid any mention of the caller's allegation that Mr. Dennis had struck her in the face with a firearm." *Id.* at 11.

The Government's concessions therefore address Mr. Dennis's concerns with respect to categories (1)-(6). With respect to category (7), or any reference to Mr. Dennis's prior criminal history, including the offense for which he was originally sentenced to special parole, the primary issues are Parole Officer Desena's testimony, the testimony of other parole officers who will speak to Mr. Dennis's supervision, and the admission of the anonymous call itself. *See* Gov't Resp.

11

As to Parole Officer Desena's testimony, as earlier discussed, the Court will permit her to testify in her capacity as a parole officer, and will provide a limiting instruction both before her testimony and in the post-trial instructions to the jury that any reference as to Mr. Dennis's parole status may only be considered for the limited purpose of showing why Parole Officer Desena conducted a compliance search at Mr. Dennis's residence and to describe the events of November 28, 2019.

As to the testimony of the two other parole officers the Government intends to call to testify as to "documents pertaining to [Mr. Dennis]'s supervision," *see* Gov't Resp. at 11-13, the Government has not sufficiently proven any additional probative value this may have with respect to any count that goes above and beyond what Parole Officer Desena may testify to, and explaining Mr. Dennis's parole conditions in detail, beyond what is necessary for the underlying offenses here, risks both prejudice to Mr. Dennis and confusion of the jury, especially given the minimal relevance Mr. Dennis's parole conditions appear to have to any count. *See* Fed. R. Evid. 403.

As to the anonymous call from the tipster, the Government argues that this call is needed to show the effect on Parole Officer Desena, to explain her decision to remove Mr. Dennis from the residence without delay and conduct a compliance check, and to convey indicia of reliability as well as allegations of non-compliance and credibility to the tipster. Gov't Resp. at 11-12. Given that the Court will not bifurcate the proceedings and will permit Parole Officer Desena to testify as to her status as a parole officer, the anonymous call, and the reasons for the search, the Court concludes that any additional minimal probative value of admitting the call itself is outweighed by the prejudice it may pose to Mr. Dennis, and will not permit the call to be admitted. *See* Fed. R. Evid. 403.

Accordingly, Mr. Dennis's motion *in limine* will be **GRANTED in part** to the extent it pertains to the anonymous call itself, the testimony of the two other parole officers the Government intends to call to discuss "documents pertaining to [Mr. Dennis]'s supervision," and the other categories of evidence the Government has conceded it will not attempt to introduce, all of which will be excluded, and will be **DENIED in part** with respect to Parole Officer Desena's testimony, which may include reference to her as a parole officer and also may refer to the anonymous call, subject to the redactions agreed to by the Government.

## IV.     CONCLUSION

For the reasons explained above, Mr. Dennis's motion to sever or bifurcate Count Two is **DENIED**, and the Court instead will rely on other ameliorative measures, specifically a limiting instruction to the jury, both before Parole Officer Desena's testimony and in the post-trial jury instructions, that any such testimony may be considered only for a limited purpose; and

Mr. Dennis's motion *in limine* is **GRANTED in part** to the extent it pertains to the anonymous call, the testimony of the two other parole officers the Government intends to call to discuss "documents pertaining to [Mr. Dennis]'s supervision," and the other categories of evidence the Government has conceded it will not attempt to introduce, all of which will be excluded, and is **DENIED in part** with respect to Parole Officer Desena's testimony, which will be limited by the Court but may include reference to her as a parole officer and also may refer to the anonymous call, subject to the redactions agreed to by the Government.

The Court's rulings, however, are "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of May, 2021.

        /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge